IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION


DOCK T. MURRAY #1851928　　　　　　§

VS.　　　　　　　　　　　　　　　　§　　　　　　CIVIL ACTION NO. 6:21cv278

DIRECTOR, TDCJ-CID　　　　　　　　§


REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Dock T. Murray, an inmate of the Texas Department of Criminal Justice (TDCJ) proceeding pro se, filed a petition for a writ of habeas corpus challenging the calculation of his sentence by the TDCJ. The action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Procedural History

Petitioner was convicted and sentenced in 2013 in Dallas County, Texas on three charges of aggravated robbery and sentenced to 55 years in prison. (Dkt. #1 at 1; Dkt. #9 at 2.) His original sentence calculation by the TDCJ did not give him credit for the entire time he spent in pretrial detention. In response to Time Dispute Resolution Forms submitted by Petitioner in 2014 and 2017, the TDCJ explained that its calculation was based on the trial court's judgments and that a new order from that court would be required to alter its calculation. (Dkt. #9-2 at 3–4.)

On August 24, 2020, the trial court issued a *nunc pro tunc* order in each of Petitioner's three criminal cases ordering that his "back time credit" should be corrected to include the period from December 30, 2010, to January 10, 2013. (Dkt. #9-3 at 2–4.) For reasons not directly explained in the

record, TDCJ did not timely recalculate Petitioner's sentence to provide for these two years of additional credit. Petitioner submitted his habeas petition challenging the incorrect calculation on July 16, 2021, at which point Respondent acknowledges that "TDCJ had yet to calculate his sentence begin date in accordance with the *Nunc Pro Tunc* Orders entered in August 2020, to reflect and credit Murray with the appropriate pre-sentence jailtime." (Dkt. #9 at 5.) Petitioner asserts that he filed a time resolution dispute about the *nunc pro tunc* orders and "never got a reply." (Dkt. #1 at 2–3.) He claimed in his petition that TDCJ "refuses to honor" the orders. (*Id.* at 2.)

Respondent asserts that the *nunc pro tunc* orders were received in the TDCJ Classification and Records Department on August 11, 2021, approximately three weeks after this Court ordered a response and caused counsel for Respondent to be electronically served with the petition.[1] (Dkt. #5; Dkt. #9 at 4; Dkt. #9-2 at 3.) Upon receipt of the state court orders, TDCJ recalculated Petitioner's sentence to account for the additional pretrial credit, and his sentence calculation now correctly reflects a start date of December 30, 2010. (Dkt. #9 at 5; Dkt. #9-1 at 4–5; Dkt. #9-2 at 3.)

## Issue

The issue raised by the response and the record before the Court is whether Petitioner still has a justiciable case or controversy since his resentence has now been correctly recalculated.

## Discussion and Analysis

Article III, Section 2 of the United States Constitution establishes federal judicial power over certain "cases and controversies." "This case-or-controversy requirement subsists through all stages of federal judicial proceedings" and requires that "[t]he parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental*

---

[1] The Court notes that neither the TDCJ affiant nor counsel expressly state that the orders were never received prior to that date, and they do not address the alleged failure to respond to Petitioner's time dispute based upon them.

*Bank Corp.*, 494 U.S. 472, 477–478 (1990)). In other words, there must be some "continuing 'collateral consequences'" from an alleged error throughout the case to prevent it from becoming moot. *Id.* at 8. A habeas claim that becomes moot during the litigation of a case must be dismissed: "[M]ootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so." *Id.* at 18.

Federal courts generally presume that there are continuing collateral consequences flowing from a criminal conviction that persist even after a petitioner has been released from confinement or supervision. *Spencer*, 523 at 8. But Petitioner here does not challenge his underlying conviction. He simply challenges an error—now corrected—in TDCJ's calculation of his sentences. In this type of situation, it is clear that "an individual challenging the execution of his sentence and not the underlying conviction must show a concrete and continuing injury that flows from" the alleged error in order to maintain a live, justiciable case for federal habeas review. *Reeves v. Dretke*, No. CIV.A. 403CV294A, 2003 WL 22077877, at *2 (N.D. Tex. Aug. 28, 2003), *report and recommendation adopted*, No. 4:03-CV-294-A, 2003 WL 22245589 (N.D. Tex. Sept. 26, 2003) (citing *Spencer*, 523 U.S. at 12–14).

Petitioner has not alleged any collateral consequence from the failure to recalculate his sentence in a timelier fashion that persist beyond the correct recalculation. In fact, he did not even reply to Respondent's response, despite being explicitly offered the opportunity to do so. (*See* Dkt. #11.) He has already obtained the relief he sought in his petition—application of the state court's *nunc pro tunc* orders to his sentence calculation—and there is no further remedy a court could provide. Petitioner's claim is, therefore, moot and should be dismissed on that basis.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C.

§ 2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, the petitioner must make a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the prisoner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Reasonable jurists reviewing this case could not disagree that Petitioner's claim is now moot. Accordingly, the Court should deny a certificate of appealability.

## RECOMMENDATION

The undersigned accordingly recommends that Petitioner's petition for writ of habeas corpus be dismissed as moot and that a COA be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to

4

which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's

proposed findings, conclusions, and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is

not specific, and the district court need not consider frivolous, conclusive, or general objections. *See*

*Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

   Failure to file specific written objections will bar the objecting party from appealing the factual

findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district

court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

   **So ORDERED and SIGNED this 21st day of September, 2022.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE